Battle, J.
 

 The loss sustained by the plaintiff is certainly within the terms of the guaranty made by the defendants, unless it be taken out of them by a necessary implication. The defendants contend that it is so excepted, because a case of self-destruction was not within the contemplation of the parties to the contract, and was impliedly excluded from it on grounds of public policy. The objection is founded, we presume, upon the practice of Life Insurance Companies, in excluding from their policies, losses arising from suicide: the assured’s “ dying by his own hands;” or his own act, “whether sane or insane.” The principle upon which that exclusion is founded, is thus stated : “ A stipulation to uphold a policy in case of wilful self-destruction, would be contrary to sound policy, as taking away one of the restraints operating on the mind of men against the commission of crimes, by the interest which they have in the welfare and prosperity of their connections; nay, more,- it would make those natural affections, which make every man desirous of providing for his family, an inducement to crime; for, the case may be well supposed of a person insuring his life for that purpose, with the intention of committing suicide. For a policy, moreover, to remain in force when death arose from any such cause, would be a fraud upon the insurers; for a man’s estate would thereby benefit by his own felonious act. ” It is manifest, however, that “where the policy is effected upon the life of a nominee, (a
 
 *335
 
 third person) tbe above reasoning fails. The insurance can be no inducement to the criminal act, and may reasonably be construed to cover this, as well as every other risk. There is, indeed, no reason why it should not do so; for the general tables of mortality, which form the basis of the calculations upon which the poliey is founded, include this, as well as every other ease of death, so that the particular risk is actually insured gainst. In policies, therefore, on the lives of nominees, it is very usually, but not invariably omitted.” Bunyon’s Life Assurance, 71 and
 
 73,
 
 69th vol.Law Lib.
 

 In the case before us, the loss of the plaintiff’s slave by self-destruction is, as we have said, directly within the terms of the defendant’s guaranty, and we can see no good reason why it should be impliedly excluded from them upon any sound principle of morals or law. His Honor was thereforerright in holding that the plaintiff was entitled to recover, and the judgment must be affirmed.
 

 Judgment affirmed.